UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| JOHN HICKS, | ) |
| Plaintiff, | ) |
| v. | ) No.: 3:18-CV-538-TAV-DCP |
| KNOX COUNTY, TENNESSEE, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

This is a counsel-filed proposed prisoner class action lawsuit for violation of 42 U.S.C. § 1983. On March 18, 2020, the Court entered an order screening the complaint, finding that only Plaintiff Hicks's claim for injunctive relief arising out of his allegation that Defendant Knox County's video visitation policy violates his constitutional rights would proceed herein, and denying without prejudice Plaintiff's motion for class certification [Doc. 51 p. 18 and 36]. Now before the Court is Defendant Knox County's motion for judgment on the pleadings in which it asserts that the Court should dismiss this action due to Plaintiff's failure to exhaust his administrative remedies and/or as moot [Doc. 56]. Plaintiff did not file a response to this motion and his time for doing so has passed. E.D. Tenn. LR 7.1(a)(2). As such, Plaintiff waived any opposition thereto. *Elmore v. Evans*, 449 F. Supp. 2, 3 (E.D. Tenn. 1976), *aff'd mem.* 577 F.2d 740 (6th Cir. 1978); E.D. Tenn. LR 7.2. For the reasons set forth below, this motion [*Id.*] will be **GRANTED** to the extent that this action will be **DISMISSED as moot**.

In support of its motion, Defendant Knox County filed an affidavit from Brian Bivens, the Assistant Chief of the Knox County Sheriff's Department, in which he testifies that Plaintiff, whom he names as John Kevin Hicks, went into the custody of the Tennessee Department of Correction ("TDOC") on February 27, 2020 [Doc. 56-1 p. 1]. Mr. Bivens also testifies that TDOC's felony offender database, https://apps.tn.gov/foil-app/results.jsp, states that John Kevin Hicks is currently incarcerated in the Bledsoe County Correctional Complex [*Id.* at 2], which the Court has confirmed.

Prisoner claims for injunctive and/or declaratory relief regarding issues in a prison facility are moot when inmate is no longer incarcerated at that facility. *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996). Moreover, "'[i]f a case in federal court loses its character as an actual, live controversy at any point during its pendency, it is said to be moot.' . . . Should that occur, 'the case is no longer within the jurisdiction of the federal courts, and therefore must be dismissed.'" *Gawry v. Countrywide Home Loans, Inc.,* 395 F. App'x 152, 155 (6th Cir. 2010) (quoting *Pettrey v. Enter. Title Agency, Inc.,* 584 F.3d 701, 703 (6th Cir.2009)).

Accordingly, Defendant's motion for judgment on the pleadings [Doc. 56] will be **GRANTED** to the extent that this action will be **DISMISSED as moot**.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**ENTER:**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE